UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRANKIE ANTOINE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CAPITOL DEL GRANDE 2, INC., et al.,<br><br>    Defendants. | Case No. 5:17-cv-00542-LHK (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 1**<br><br>Re: Dkt. No. 32 |

Frankie Antoine and Carlos Thomas (together "plaintiffs") are African American (and Native American) men who were employed as automobile salespersons at Capitol Chevrolet in San Jose. They sue DGDG 4 LLC and DGDG Management LLC ("defendants"), their former employers, for discrimination, harassment, hostile working environment, and retaliation based on their race.

In Discovery Dispute Joint Report #1 ("DDJR #1"), the plaintiffs seek an order requiring defendants to produce the personnel files of 9 non-parties who are (or, perhaps, were) employees of Capitol Chevrolet. Four of these individuals are alleged harassers: Amaya, Azimi, Diaz, and Hayes. Two are senior managers to whom the plaintiffs allegedly complained without success: Jobe and Munger. Two are co-workers who allegedly witnessed the harassment of the plaintiffs and signed declarations to that effect: Endemann and Recalde. The ninth is another of plaintiffs'

supervisors: Jeremy Beaver. Basically, plaintiffs sought all information about "workplace conduct" of all 9. Defendants objected to the document request as overbroad, irrelevant, and an invasion of third-party privacy.

Defendants' principal objection is that any production should be limited to workplace conduct associated with race, and not conduct about anything and everything. The court agrees with defendants on this point, so long as "race" is broadly interpreted to include information however vaguely or remotely race might be involved or implicated. Plaintiffs express concern that defendants will take a very narrow view of "race-based" workplace conduct. The court warns them not to do so, for, if they do and get caught, the consequences could be severe.

Basically, defendants shall produce all information mentioning either plaintiff or African-American or Native American persons in general. They shall produce all information suggesting or alluding to race-based animus, bias, discrimination, or harassment, as directed or applied to one or both plaintiffs, or to African-Americans or Native Americans in general. They shall include all reports, allegations, comments, references, statements, job performance evaluations, and investigations that describe, relate, reference, suggest, pertain, concern, or describe what the court just indicated is the proper scope of the inquiry. They shall include not only information in personnel files of the 9 named third parties, but also any such information in documents covered by Cal. Labor Code § 1198.5, as well as any and all files (including electronically stored information) about race-based animus, bias, discrimination, or harassment, even if such information is intermixed with other types of work-place misconduct. This includes information about "horseplay," violence, and demeaning or pejorative comments made to or about plaintiffs.

Because plaintiff Antoine allegedly was terminated for violation of a "conflict of interest policy," defendants shall also produce all documentation about Antoine's termination and the applicable conflict of interest policy. Furthermore, because both plaintiffs allege that defendants retaliated against them by denying them earned promotions, defendants shall produce all documents about those promotional decisions as well.

Defendants' objections based on third party privacy are overruled. Personal identifying information may be redacted. The protective order will suffice to provide appropriate protection

of privacy. Any information withheld on the basis of attorney-client privilege or the work product doctrine shall be described on a privilege log provided at the time of document production.

The information shall be produced by defendants by November 9, 2017.

SO ORDERED.

Dated: November 1, 2017

_____
HOWARD R. LLOYD
United States Magistrate Judge